UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

YNAN JUSON DEI-BEY,

         Petitioner,

- versus -

FAHIM ROUFAIL, also known as
BOOTH STREET HOLDINGS LLC,

         Respondent.

MEMORANDUM AND ORDER
13-CV-4993

GLEESON, United States District Judge.

  On September 3, 2013 petitioner Ynan Juson Dei-Bey filed a *pro se* notice of removal, seeking to remove a proceeding from the Housing Part of the Civil Court of the City of New York, Queens County. That notice was accompanied by an application to proceed *in forma pauperis*. Dei-Bey's financial status, as set forth in that application, qualifies him to proceed without prepayment of the filing fees. 28 U.S.C. § 1915(a). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons discussed below, the action is remanded to the Housing Part of the Civil Court of the City of New York, Queens County.

## BACKGROUND

  Dei-Bey alleges that his constitutional rights are being violated in connection with a pending landlord-tenant action in state court. *See* Notice of Petition for Non-Payment of a Dwelling, File No. 654746, annexed to Notice of Removal, ECF No. 1. The state court action concerns a dispute between Dei-Bey and his landlord, respondent Fahim Roufail, who alleges that Dei-Bey has failed to pay his rent for a period of seven months and is consequently in arrears in the amount of $9,980. *Id*. Roufail seeks payment for the arrears and possession of the dwelling. *Id*.

1

Dei Bey's notice of removal is difficult to decipher, but it appears that he alleges that as a member of the "Moorish-Nation," he has title to the land and "is the freehold beneficiary of the hereditaments and estate held in trust. Notice of Removal, at 2-3; *see generally* Exhibits annexed to Notice of Removal. Dei-Bey seeks monetary damages and injunctive relief.

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). Lack of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and may be raised at any time by a party or by the court *sua sponte*, *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); see also Fed.R.Civ.P. 12(h)(3). The plaintiff, even if proceeding *pro se*, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Hamm v. United States.*, 483 F.3d 135, 137 (2d Cir. 2007).

The federal removal statute permits a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Although the removal statute provides "the procedural mechanism for transferring a case from one court to another, . . . the removal statute is not the

source of subject matter jurisdiction." *Orange County Water District v. Unocal Corp.*, 584 F.3d 43, 49 (2d Cir. 2009). "A cause of action raises an issue of federal law only when a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). Moreover, "[i]t is not enough that the complaint anticipates a potential federal defense." *Id*.

There is no indication that diversity jurisdiction exists on the face of Dei-Bey's notice of removal. This action arises out of a dispute between Dei-Bey and his landlord over his obligation to pay rent. This Court clearly lacks subject matter jurisdiction over such a dispute. *See McMillan v. Department of Buildings*, No. 12-cv-318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012); *Rosen v. North Shore Towers Apartments, Inc.*, No. 11-cv-0752, 2011 WL 2550733, at *4 (E.D.N.Y. Jun. 27, 2011); *Kheyn v. City of New York*, Nos. 10-cv-3233, 10-cv-3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010) ("Plaintiffs seek to have the Court intervene in their landlord-tenant action in state court . . . . However, this Court is without jurisdiction to grant plaintiffs the relief they seek as it is well settled that the landlord-tenant relationship is fundamentally a matter of state law."). That Dei-Bey alleges a constitutional violation fails to change this analysis. The relief he seeks in his notice of removal – *i.e.*, enjoining his landlord from possessing the property – "merely attests to plaintiff's dissatisfaction with the course his litigation has taken in the state courts." *McAllan v. Malatzky*, No. 97-cv-8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (citation, quotation marks and alterations omitted). "Where, as here, the . . . constitutional claim appears to be nothing more than a state court claim recloaked in constitutional garb, the constitutional claim is insufficient to confer jurisdiction." *Id*. (citation and quotation marks omitted).

## CONCLUSION

For the reasons set forth above, the action is hereby remanded, pursuant to 29 U.S.C. § 1447(c), to the Housing Part of the Civil Court of the City of New York, Queens County. The Clerk of Court is directed to send a certified copy of this Order to the Clerk of the Housing Part of the Civil Court of the City of New York, Queens County, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: October 1, 2013

Brooklyn, New York